UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVID WILLIAMS,<br>    Plaintiff,<br>    v.<br>RALPH DIAZ, et al.,<br>    Defendants. | Case No. 19-cv-05685-YGR (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND SERVICE** |

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Correctional Training Facility ("CTF"), has filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He alleges that prison officials at CTF have limited his ability to purchase "religious oils" for his "daily meditation/prayers" in violation of his constitutional rights and those guaranteed under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, and the Religious Freedom Restoration Act ("RFRA"). Dkt. 1 at 3, 5-6.[1] He will be granted leave to proceed *in forma pauperis* in a separate written Order.

In his complaint, Plaintiff names the following Defendants from the California Department of Corrections and Rehabilitation ("CDCR"): Secretary Ralph Diaz and Chaplain Charles Richey, as well as Defendants from CTF: Warden C. Koenig, Protestant Chaplain B. D. Min, Associate Warden D. Chamberlain, Jewish Chaplain Y. Friedman, and Chief Deputy Warden K. Hoffman. *Id.* at 2. Plaintiff seeks declaratory and injunctive relief, as well as monetary. *Id.* at 3.

Venue is proper because certain events giving rise to the claims are alleged to have occurred at CTF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

As mentioned above, Plaintiff specifically alleges that CTF prison officials impermissibly burdened the practice of his religion by limiting his ability to order/purchase religious oil fragrances. *See* Dkt. 1 at 3, 5-8. Plaintiff does not specify his particular religion, but he states that Defendants has "been ordering [the religious oils] for 8 years at CTF . . . ." *Id.* at 14. He claims he uses these religious oils for his "daily meditation/prayers." *Id.* at 6. He alleges that on January 3, 2019, Defendant Richey "sent a[n] email via [Defendant] Min . . . addressed to [Community Resource Managers ("CRMs")], Chaplains, and [Receiving and Release ("R&R")] Officers." *Id.* at 3. Plaintiff explains that "[t]his email . . . discussed how 'changes[']' are being made to the departmentally approved religious vendors, and in [a]dvance of . . . [the] Religious Personal Property Matrix and [the Department Operations Manual] changes, which will be forthcoming in the near future."[2] *Id.* Then, the next day, on January 4, 2019, a second email "instructs all of the Chaplains . . . "Do not approve any forms" that were not in compliance with the new list which

---

[2] Plaintiff claims that as of the date of his complaint, "[n]o such change[s] have officially occurred . . . ." Dkt. 1 at 3.

[D]efendants knew from the prior day was unauthorized to enforce." *Id.* at 3, 5.  Plaintiff alleges that Defendants "were aware that [the] CDCR could not yet just deny what Plaintiff was requesting, [i.e.,] religious oils." *Id.* at 5.  However, Plaintiff claims that Defendant Koenig, R&R staff, Chaplains and CRMs "changed the local procedures to get approval of Special Purchase Forms . . . facilitating the underground restrictions on [P]laintiff[']s departmentally authorized religious items." *Id.*

Plaintiff has attached to his complaint copies of his requests to purchase certain religious oils and the limitations to his access to such oils, which also include the grievances Plaintiff submitted requesting to "have [his] special purchase for religious items processed for approval" and to "be free to select any scent of prayer oil." *Id.* at 11-35.  Plaintiff's exhibits indicates that one of his grievances, log no. CTF-19-00178, was "partially granted" but he had to submit a "Inmate/Parolee Request" form on April 28, 2019 because he had not "received the Approved Special Religious Purchase form that was granted," and he "[could not] order until this occur[ed]." *Id.* at 35.  The exhibit does not show a response to his request. *Id.*  Thus, Plaintiff claims that "[t]hese unauthorized changes are burdensome, with no notice given, with malicious intent to deprive Plaintiff . . . [and] [t]hese changes] have had a discriminatory effect on [him] and [his] daily meditation/prayers." *Id.* at 6.  He argues that the aforementioned actions of Defendants violated his rights under RLUIPA, the RFRA, the Free Exercise Clause of the First Amendment and the Fourteenth Amendment. *Id.* at 7.

Plaintiff claims that Defendants Diaz, Chamberlain, Friedman, and Hoffman are liable for improperly handling his inmate appeal (log no. CTF-19-00178,) on this issue.  However, there is no constitutional right to a prison administrative appeal or grievance system. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Although there certainly is a right to petition government for redress of grievances (a First Amendment Right), there is no right to a response or any particular action. *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991) ("prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance.").  Plaintiff's claims against Defendants Diaz, Chamberlain, Friedman, and Hoffman will be dismissed.

3

Giving it the liberal construction to which it is entitled, the complaint states cognizable claims for violation of Plaintiff's First Amendment right to the free exercise of religion and his Fourteenth Amendment rights. *See, e.g.*, *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997) (prison officials may not burden the practice of prisoner's religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests). Plaintiff's allegations in the complaint also implicate RLUIPA, which provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). The complaint adequately links Defendants Richey, Koenig, and Min.

Plaintiff's claim that Defendants violated his rights under the RFRA when they limited his access to religious oils is not cognizable because the Supreme Court has declared the RFRA unconstitutional with respect to city and state governments. *See City of Boerne v. Flores*, 521 U.S. 507, 536 (1997).

## III.  CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff has stated cognizable claims under RLUIPA, the First Amendment's Free Exercise Clause, and the Fourteenth Amendment against Defendants Richey, Koenig, and Min for limiting his access to religious oils for his daily meditation/prayers.

2. Plaintiff's claims against Defendants Diaz, Chamberlain, Friedman, and Hoffman relating to the alleged improper handling of his inmate appeal on this issue along with Plaintiff's claim that Defendants violated his rights under the RFRA when they limited his access to religious oils are DISMISSED without prejudice.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint

and all attachments thereto (dkt. 1), and a copy of this Order to the following Defendants: **CDCR Chaplain Charles Richey; CTF Warden C. Koenig; and CTF Protestant Chaplain B. D. Min.** The Clerk also shall mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendants will be required to bear the cost of such service unless good cause be shown for the failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants personally have been served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

5. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

    a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

1  the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[3] notice
2  so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to
3  oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out
4  in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss
5  for failure to exhaust available administrative remedies must be accompanied by a similar notice.
6  However, the Court notes that under the new law of the circuit, in the rare event that a failure to
7  exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule
8  12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b)
9  motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315
10 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative
11 remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a
12 defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear
13 on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a
14 motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most
15 favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment
16 under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the
17 district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at
18 1168.

19         If Defendants are of the opinion that this case cannot be resolved by summary judgment,
20 Defendants shall so inform the Court prior to the date the summary judgment motion is due. All
21 papers filed with the Court shall be served promptly on Plaintiff.

22             b.     Plaintiff's opposition to the dispositive motion shall be filed with the Court
23 and served on Defendants no later than **twenty-eight (28) days** after the date on which
24 Defendants' motion is filed.

25             c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of
26 the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you

---

[3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

6

must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot rely simply on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; and (3) statements in your complaint insofar as they were made under penalty of perjury and show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and

motions for summary judgment. *Woods*, 684 F.3d at 935.

    d. Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

    e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

  7. All communications by Plaintiff with the Court must be served on Defendants or Defendants' counsel, once counsel has been designated, by mailing a true copy of the document to them.

  8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must file a notice of change of address promptly, specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

  9. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

  IT IS SO ORDERED.

Dated: April 28, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge